956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David AYUSO-MORALES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3058.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 David Ayuso-Morales (Morales) appeals from the September 24, 1990 final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE07529010153, dismissing his appeal of a removal action for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Mr. Morales worked as a mail handler with the United States Postal Service. In June 1989, the Postal Service removed Mr. Morales for threatening a supervisor and for insubordination. During an appeal to the Board, Mr. Morales and the Postal Service entered into a "Last Chance Settlement Agreement." Under the Agreement, the Postal Service suspended, rather than removed, Mr. Morales. Mr. Morales then waived "all further appeal rights ... concerning this disciplinary action, and any future disciplinary actions for Failure to Follow Instructions of Insubordination." Mr. Morales returned to work in July 1989.
 
 
 3
 On November 27, 1989, Mr. Morales engaged in a dispute with his supervisor over the pace of Mr. Morales' work. Mr. Morales made several confrontational statements to his supervisor when requested to work more quickly in loading mail. The tour superintendent observed similar behavior from Mr. Morales later that same day.
 
 
 4
 On November 29, 1989, the Postal Service gave Mr. Morales a "Notice of Removal" for failure to comply with the Agreement due to insubordination. Mr. Morales appealed to the Board complaining that the Postal Service acted in bad faith by removing him under the Agreement. The Board dismissed the appeal for lack of jurisdiction because Mr. Morales, by the Agreement, waived his right to appeal the removal.
 
 DISCUSSION
 
 5
 This court must affirm the MSPB's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). Furthermore, for good reason, this court defers to a fact-finder's credibility determinations. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). In light of the agreement between Mr. Morales and the Postal Service, Mr. Morales may appeal if he can show that the Postal Service acted in bad faith or arbitrarily and capriciously. McCall v. United States Postal Service, 839 F.2d 664 (Fed.Cir.1988).
 
 
 6
 The Board found Mr. Morales' supervisor and the tour superintendent more credible than Mr. Morales about the events of November 27, 1989. Therefore, the Board concluded that Mr. Morales was insubordinate. The Board found no support for Mr. Morales' claims that the Postal Service was harassing him. Mr. Morales did not carry his burden of showing that the agency acted in bad faith. Therefore, this court affirms.